W. M. Bostick v. Commissioner.
Bostick v. Commissioner
Docket No. 60352.
United States Tax Court
T.C. Memo 1957-220; 1957 Tax Ct. Memo LEXIS 29; 16 T.C.M. (CCH) 1008; T.C.M. (RIA) 57220; November 29, 1957
*29 1. Held, upon failure of petitioner to prove that various expenditures are deductible, respondent's disallowance of deductions is sustained. 2. Petitioner was employed during part of the taxable year for which he received wages. He was unemployed during part of the year. Held, petitioner cannot deduct from the taxable income which he received the amount of wages which he did not receive, as a loss. W. M. Bostick, Box 871, Maple Heights, Ohio, pro se. Frank W. Hardy, Esq., for the respondent. HARRON Memorandum Findings *30 of Fact and Opinion The Commissioner determined a deficiency in income tax for the taxable year 1954 in the amount of $245.62. The deficiency results from disallowance of (1) various deductions in the total amount of $1,131.56, and (2) deduction of $4,713.15, as a loss from failure to sell personal services during the taxable year. The questions are whether petitioner is entitled to deductions totaling $1,131.56 for various expenditures, and a loss deduction of $4,713.15. Findings of Fact Petitioner filed Form 1040, individual income tax return for 1954. In his income tax return petitioner gave as his address a post office box number at the post office in Maple Heights, Ohio. Petitioner is a machine shop worker. Petitioner, in his return, reported wages received from four employers for stated numbers of hours of work as follows: Hours
Employer
Wages
Employed
Accurate Machine Tool,
Inc., Cleveland, Ohio
$ 536.05
289
S. K. Wellman Co., Bed-
ford, Ohio
1,278.54
521
Jost Tool Co.
144.53
64
Bishop & Babcock Mfg.
Co., Cleveland, Ohio
239.73
112
Total
$2,198.85
986
Petitioner attached to his return copies of Form W-2, withholding tax statement *31 for Federal taxes for 1954 withheld from wages, which show that each of petitioner's employers withheld Federal income tax in the total amount of $325.90, as follows: Federal Income
Employer
Tax Withheld
Accurate Machine Tool, Inc.
$ 85.60
S. K. Wellman Co.
198.90
Jost Tool Co.
16.80
Bishop & Babcock Mfg. Co.
24.60
$325.90
Petitioner reported no income other than his wages. In schedule D - "Gains and Losses from Sales or Exchanges of Property," line 2, petitioner deducted $4,713.15 as "loss on sale of hours," which he explained and computed as follows: Total hours of labor for sale
1,920,
total value, * $6,912.00 *
(at $3.60
Total hours of labor sold
986,
total value,
2,198.85
per hour)
Unsold hours of labor
934,
loss
$4,713.15 Respondent disallowed the claimed loss of $4,713.15. On page 3 of the return, petitioner itemized deductions, as set forth below, in the total amount of $1,502.30, of which the Commissioner allowed $370.74, and disallowed $1,131.56, as follows: Amount
Amount
Deductions
Deducted
Allowed
Church and charity
$ 62.00
$ 62.00
Auto casualty loss
97.90
97.90
Interest
6.00
6.00
Special work tools
34.65
34.65
Safety work shoes
9.95
9.95
Rent work uniforms
8.40
8.40
Union dues
22.50
22.50
Various taxes
70.50
70.50
Accident Insurance
39.75
0
Loss inability to sell '53
tax returns
1,000.00
0
Filing fee, U.S. Senate
150.00
0
Advertising, '53 tax re-
turns
.65
0
Unexplained
0
58.84
Total
$1,502.30
$370.74
*32 Respondent determined that petitioner's gross and net income were as follows: Gross income from wages
$2,198.85
Allowable deductions
370.74
Net income adjusted
$1,828.11
In computing petitioner's income tax liability respondent allowed petitioner an exemption of $600. Respondent determined that petitioner's income tax liability amounted to $245.62. Since petitioner, in his return, reported a loss, the deficiency which has been determined is $245.62. In his return, petitioner reported loss of $6,215.45 (the sum of deductions of $1,502.30, and loss from failure to sell personal services, $4,713.15), and he claimed overpayment of $325.90, the total amount withheld by employers for Federal income tax from wages. In this situation, the Commissioner, in determining the income tax deficiency of $245.62 did not allow any credits for tax which had been withheld by employers out of wages, and for this, he gave the following explanation in the deficiency notice: "In this determination of deficiency, credits for tax withheld by employers on wages have been disregarded but will be applied when the tax liability has been determined." Other explanations given by the *33 Commissioner in the deficiency notice are as follows: "Since your return for 1954 was filed on the basis of cash receipts, the wages of $2,198.85 received for that year represents taxable income. * * *
"The balance of the deductions aggregating $1,131.56 are not allowable deductions under the provisions of the Internal Revenue Code of 1954." Opinion HARRON, Judge: Issue 1: The Congress by legislation, makes provision for deductions of some expenditures; not all expenditures are deductible. "A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." ; , rehearing denied . Respondent's disallowance of the deductions is presumptively correct. The petitioner was required to substantiate each deduction and show that it came within a provision of the Code. Since he failed to do either, we must sustain respondent's determination that claimed deductions totaling $1,131.56 are not allowable. . Issue 2: Petitioner *34 advances the novel proposition that he is entitled to deduct from his total earnings of $2,198.85, a loss of $4,713.15 consisting of an amount which he did not earn but contends he would have earned if he had been employed during every hour in which he could have been regularly employed. Petitioner's theory is tenuous and has no support under law. It does not merit any extended discussion but we point out that similar contentions have been made before and have been rejected. It is well established that failure to receive expected income does not give rise to a deductible loss. [1]
*35 Petitioner's inability to obtain full employment during all of the working days of the taxable year, if in fact that was the situation, resulted in his not receiving wages in some amount, but to that extent he was relieved of some tax. He cannot reduce his liability for tax on the income which was received by deducting therefrom some amount for income which he did not receive, as any kind of loss. Petitioner's ability and desire to work are not, for the purposes of the income tax, property or a capital asset. The loss of work which produces wages does not give rise to any loss deduction under the Internal Revenue Code. Under the Internal Revenue Code, a taxpayer reporting income on a cash basis is required to report the income which he actually receives. The Congress did not intend in section 165(c) of the 1954 Code (or in the comparable section 23(e) of the 1939 Code) to allow a taxpayer "to reduce ordinary income actually received and reported by the amount of income he failed to realize." . See, also, ; and . The Commissioner *36 properly denied the claimed deduction of $4,713.15. [2]
The petitioner is entitled to receive credit for tax withheld by employers on wages paid to him. Such credit will be allowed in respondent's Rule 50 recomputation. Decision will be entered under Rule 50. Footnotes
1. ; ; ; and , affd. . Where anticipated rent was not received because a lease was cancelled, the rent which was not received did not give rise to a deductible loss in the amount thereof. ; ; ; and In , affirming , which affirmed , the Supreme Court held that the loss of future rental payments upon the cancellation of a lease did not give rise to a deductible loss. In the case of , the petitioner withdrew from a law partnership and thereby forfeited his right to receive a share of uncollected fees due the partnership. We held that the forfeiture of the right to receive income did not give rise to a deductible loss.↩
2. The petitioner, also known as Willard M. Bostick, Jr., made a similar contention with respect to his income tax liability for 1951, which was rejected by this Court under a .↩